**1:IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD J. CLARSON as Administrator of LOCAL No. 731, I.B. of T., PENSION FUND and LOCAL No. 731, I.B. of T., HEALTH and WELFARE FUND,** ) ) ) ) | |
| **LOCAL No. 731, I.B. of T., PENSION FUND,** ) | Case No. 1:20-cv-01362 |
| ) | |
| **and** ) | |
| ) | |
| **LOCAL No. 731, I.B. of T., HEALTH and WELFARE FUND,** ) ) ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Judge** |
| ) | |
| **ACCURATE COMMODITIES, INC.,** ) ) | |
| **Defendant.** ) | |

**COMPLAINT**

Plaintiffs Local No. 731, I.B. of T., Pension Fund ("Pension Fund"); Local No. 731, I.B. of T., Health and Welfare Fund ("Welfare Fund") (collectively, "Funds"); and their Administrator, Richard J. Clarson, through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, by way of their complaint against Accurate Commodities, Inc. ("Accurate" or "Company"), state as follows:

**JURISDICTION AND VENUE**

1.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to collect unpaid employee benefit contributions, interest, liquidated damages, attorneys' fees and court costs and, as such, this Court has jurisdiction under sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(c).

1

2. Venue lies in this court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as the Funds are administered by their Trustees at their principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois.

## PARTIES

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. The Funds are fiduciaries authorized to bring this action on behalf of their participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. Richard J. Clarson, Administrator of the Funds, is a fiduciary of the Funds and an agent of the Funds' respective Boards of Trustees, which delegated authority to him to act on behalf of the Boards in this matter.

6. Accurate is an Illinois corporation that, at all relevant times, has done business within this district and has been an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## COUNT I: FAILURE TO SUBMIT TO AN AUDIT

7. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I.B. of T. ("Local 731") is a labor organization within the meaning of 29 U.S.C. § 185(a).

8. Accurate and Local 731 entered into a collective bargaining agreement effective by its terms from October 1, 2018 through September 30, 2023 ("Agreement").

2

9. The Agreement obligates Accurate to make monthly contributions on behalf of its employees covered by the Agreement for pension and welfare benefits and to submit monthly remittance reports in which the Company identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each employee.

10. The Agreement obligates Accurate to, by the 20th of every month, remit monthly contributions and submit the monthly contribution reports to the Funds for the prior month, or be subject to a 10% late fee, which increases to 20% once a lawsuit is filed, as liquidated damages, and be assessed interest on any late payment and collection costs incurred by the Funds in pursuing the delinquent contributions.

11. Notwithstanding Accurate's obligations under the Agreement, the Company has failed to remit valid payment for the contributions it owes to the Funds for the months of May of 2019 through January of 2020.

12. In September of 2019, Accurate attempted to remit payment to the Welfare Fund only for the months of May through July of 2019. The Welfare Fund returned the payment to Accurate based on the Funds' policy to refuse payments to the Welfare Fund when they are not accompanied by payment to the Pension Fund for the corresponding months.

13. Accurate's failure to timely submit the contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

14. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); the terms of the Agreement; and the Funds' governing documents, in addition to the contributions due, Accurate is also liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against Accurate as follows:

a. Finding that Accurate violated the Agreement;

b. Finding that Accurate is liable to the Funds for all for all unpaid contributions, plus interest, liquidated damages, and attorneys' fees and court costs related to unpaid or untimely paid contributions;

c. Ordering Accurate to pay to the Funds all contributions, accrued interest, and liquidated damages;

d. Ordering Accurate to pay to the Funds all court costs and reasonable attorneys' fees and costs related to collection of the unpaid amounts owed to the Funds;

e. Granting all such other legal and equitable relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Jeremy M. Barr
    Jeremy M. Barr
    Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361